## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | |
|---|---|
| **EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,** ] | |
| **Plaintiff,** ] | |
| v. ] | **CIVIL ACTION 1:09-CV-0160-WS-M** |
| **JACK MARSHALL FOODS, INC., d/b/a KENTUCKY FRIED CHICKEN** ] | **COMPLAINT** |
| **Defendant.** ] | **JURY TRIAL DEMAND** |

## NATURE OF THE ACTION

This is an action brought under §§703(a) and 704(a) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§2000e-2(a) and 3(a), et seq., and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of sex, female, (sexual harassment and constructive discharge) and retaliation, and to make whole the aggrieved individuals listed below including a class of similarly situated female employees who was subjected to sexual harassment and constructive discharge.

More specifically, the Equal Employment Opportunity Commission ("the Commission") alleges that the Defendant, Jack Marshall Foods, Inc., d/b/a Kentucky Fried Chicken ("Defendant"), discriminated against Monroeville, Alabama, employees Adrienne Waters, Theasha Salter, Tiffany Scott, Chiquita Bradley, Aquinda Jackson, Chanelle Grace, and a class of similarly situated female employees, by subjecting them

- 2 -

to a sexually hostile work environment at Defendant's Monroeville, Alabama, facility. The Commission also alleges that Defendant constructively discharged Chiquita Bradley and a class of similarly situated female employees, and retaliated against Adrienne Waters by reducing her hours of work, and constructively discharging her.

## JURISDICTION AND VENUE

1.  Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345.  This action is authorized and instituted pursuant to §§706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e-5(f)(1) and (3) and §102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2.  The employment practices alleged to be unlawful herein were committed within the jurisdiction of the United States District Court for the Southern District of Alabama.

## PARTIES

3.  Plaintiff Equal Employment Opportunity Commission  is an agency of the United States of America charged with the administration, interpretation and enforcement of Title VII and is expressly authorized to bring this action by §§ 706(f)(1) and (f)(3) of Title VII, 42 U.S.C. § 2000e-5(f)(1)and (f)(3).

4.  At all relevant times, the Defendant, Jack Marshall Foods, Inc. d/b/a Kentucky Fried Chicken ("Defendant" or "Jack Marshall") has continuously been an Alabama corporation doing business in the State of Alabama and the City of Monroeville, and has continuously had at least fifteen (15) employees.

5.  At all relevant times, the Defendant has continuously been and is now an employer engaged in an industry affecting commerce within the meaning of

§§701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

## STATEMENT OF CLAIMS

6.  More than thirty days prior to the institution of this lawsuit, charges were filed with the Commission by Adrienne Waters, Theasha Salter, Tiffany Scott, Chiquita Bradley, Aquinda Jackson, and Chanelle Grace alleging violations of Title VII by Defendant Jack Marshall.  All conditions precedent to the institution of this lawsuit have been fulfilled.

7.  Since at least May 2006, and on a continuing basis, Defendant has engaged in unlawful employment practices at its Monroeville, Alabama facility, in violation of §42 U.S.C. § 2000e-2(a), by subjecting the above named employees, and a class of similarly situated female employees, to sexual harassment.

8.  The unlawful sexual harassment was unwelcome and occurred with the full knowledge of Defendant's supervisory personnel and includes, but is not limited to, the following conduct:

   a. Defendant's employees would engage in daily sexual comments including constantly and openly describing sex acts with females, and articulating their sexual desires and interests in females;

   b. Defendant's employees touched female employees in a sexually inappropriate manner, and proposition them for sex;

   c. Defendant's employees regularly engaged in unwelcome sexual conduct including touching, groping, joking, gestures and demonstrations;

   d. Defendant's employees would touch private body parts of female employees in a sexual manner;  and

    e. Defendant's employees would openly discuss their genitals and the physical characteristics of female employees.

9. Although Defendant had notice of sexual harassment, it failed to exercise reasonable care to prevent and/or correct promptly any sexually harassing behavior.

## Second Claim:  Constructive Discharge

10. From at least May 2006, and on a continuing basis, Defendant engaged in the unlawful employment practices described above at its Monroeville, Alabama facility and caused Chiquita Bradley and a class of similarly situated female employees to be constructively discharged in violation of Section 703(a) of Title VII, 42 U.S.C. 2000e-2(a)(1).

## Third Claim:  Retaliation

11. Defendant retaliated against Adrienne Waters in violation of 42 U.S.C. §2000e-3(a) and (b) by reducing her hours of work and constructively discharging her employment because she opposed practices made unlawful under Title VII.

## Effect of Practices on Employment

12. The effect of the practices complained of in paragraph 7-11 above has been to deprive Adrienne Waters, Theasha Salter, Tiffany Scott, Chiquita Bradley, Aquinda Jackson, Chanelle Grace, and a class of similarly situated female employees, of equal employment opportunities and otherwise adversely impact their status as employees because of their sex, female, and in retaliation for opposing unlawful employment practice(s).

**Allegations Related to Compensatory and Punitive Damages**

13. The unlawful employment practices complained of in paragraph 7-11 above were and are intentional.

14. The unlawful employment practices complained of in paragraph 7-11 above were done with malice and/or with reckless indifference to the federally protected rights of Adrienne Waters, Theasha Salter, Tiffany Scott, Chiquita Bradley, Aquinda Jackson, Chanelle Grace and a class of similarly situated female employees.

**PRAYER FOR RELIEF**

**WHEREFORE**, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant, its officers, successors, assigns and all persons in active concert or participation with it, from engaging in sexual harassment, retaliation or any other employment practices which discriminate on the basis of sex.

B. Order Defendant to institute and carry out policies, practices and programs which provide equal employment opportunities for women and which eradicate the effects of its past and present unlawful employment practices.

C. Order Defendant to make whole Adrienne Waters, Chiquita Bradley and a class of similarly situated female employees by providing appropriate backpay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices including, but not limited to, rightful place reinstatement or, alternatively, front pay for Adrienne Waters, Chiquita Bradley and a class of similarly situated female employees.

D. Order Defendant to make whole each of the above-named employees

and a class of similarly situated female employees, by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraphs 7-11 above, including any relocation expenses, job search expenses, and medical expenses not covered by Defendant's employee benefit plan, in amounts to be determined at trial.

E.  Order Defendant to make whole each of the above-named employees and a class of similarly situated female employees by providing compensation for past and future non-pecuniary losses resulting from the unlawful employment practices complained of in paragraphs 7-11 above, including emotional pain, suffering, inconvenience, loss of enjoyment of life, and humiliation, in amounts to be determined at trial.

F.  Order Defendant to pay each of the above-named employees and a class of similarly situated female employees punitive damages for malicious and reckless conduct described in paragraphs 7-11 above, in amounts to be determined at trial.

G.  Order the Defendant to make any affirmative relief necessary to eradicate the effects of its unlawful employment practices.

H.  Grant such further relief as the Court deems necessary and proper in the public interest.

I.  Award the Commission its costs of this action.

## **JURY TRIAL DEMAND**

The Commission requests a jury trial on all questions of fact raised by its Complaint.

                Respectfully submitted,

                JAMES E. LEE
                Deputy General Counsel

                GWENDOLYN YOUNG REAMS
                Associate General Counsel

                EQUAL EMPLOYMENT OPPORTUNITY
                 COMMISSION
                1801 "L" Street, Northwest
                Washington, DC   20507

                C. EMANUEL SMITH
                Regional Attorney

                /s/ Julie Lee
                _____
                JULIE LEE, DC Bar No. 433292
                Supervisory Trial Attorney

                /s/ Eunice H. Morrow
                _____
                EUNICE HOLT MORROW
                Senior Trial Attorney
                 AL Bar No. 5267-064E

                EQUAL EMPLOYMENT OPPORTUNITY
                COMMISSION
                1130 – 22nd Street South
                Birmingham, AL  35205
                Telephone Number:  205/212-2065