IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT ) | | |
| OPPORTUNITY COMMISSION, ) | | |
| ) | | |
| Plaintiff, ) | | |
| ) | | |
| v. ) | CIVIL ACTION NO. 09-00160-WS-N | |
| ) | | |
| JACK MARSHALL FOODS, INC. d/b/a ) | | |
| Kentucky Fried Chicken, ) | | |
| ) | | |
| Defendant. ) | | |

ORDER

This matter is before the court on the plaintiff's Motion to Quash and for a Protective Order (doc. 21); defendant's Response (doc. 25); and plaintiff's Reply (doc. 32). This motion has been referred to the undersigned pursuant to Standing Order 6 of this Court. Upon consideration, the Motion to Quash and the Motion for Protective Order are GRANTED.

Violation of Rule 45(b)(1)

As a threshold matter, the Court addresses whether defendant violated Fed. R. Civ. P. 45 in the manner in which subpoenas were issued to non-parties and, if so, what if any sanctions are appropriate.[1]

Rule 45 of the Federal Rules of Civil Procedure provides that, for third-party subpoenas for records filed prior to trial, the issuing party must serve notice to all other parties *before* the subpoena is served. Fed. R. Civ. P. 45. On June 22 and 23, 2009, defendant served sixteen

---

[1] On June 30, 2009 the Court entered an order (doc. 22) preliminarily addressing the defendant's apparent violation of the notice requirements of Fed.R.Civ.P. 45(b)(1) in issuing and serving numerous subpoenas to certain non-parties.

third-party subpoenas *duces tecum* on the complaining parties' former employers[2] seeking all records of their prior employment.  On the same two days, defendant mailed copies of the subpoenas to plaintiff's counsel, which were received on June 23 and 24, 2009.  On June 24, 2009, defendant notified the court and opposing counsel of the service of the subpoenas through the court's electronic filing and case management system.  Defendant's counsel concedes that in issuing the subpoenas he erroneously followed the previous version of Rule 45, in effect prior to the Rule's 2007 amendment.

Plaintiff's counsel contacted defendant's counsel by telephone and requested that defendant withdraw the subpoenas and/or seal, without reviewing, any documents received before the court decided the motion, but was rebuffed.  Defendant states that, "upon recognizing the error *and before any order of the court*, Defendant notified all parties served of the pending objection by Plaintiff and advised those parties to take no further action in responding to the subpoenas until further notice is provided after a ruling of the Court."  (Doc. 25 at 3)(emphasis added)[3]  However, presuming the foregoing to be true, defendant waited to do so until after the plaintiff had prepared and filed its motion on June 29, 2009; defendant's letters to the former employers were dated June 30, as was the court's order preliminarily addressing the violation of Rule 45.

---

[2] There are indications that this included former employers of intervenors who, at that time, were not yet parties to this action.  They were allowed to intervene by order of July 1, 2009.  (*See* Doc. 24)

[3] This claim is made in the Response, rather than by affidavit.  As noted by plaintiff, defendant does not indicate when the letters were mailed and faxed.  While there remain some questions, the court will presume in determining the issue of sanctions that defendant's efforts were at least set in motion before they became aware of the court's order.

The court previously suspended the subpoenas and ordered defendant to provide a copy of any documents received up until the date of the order[4] to the plaintiff and to return any records and copies other than that provided to plaintiff.  While this is probably sufficient to obtain the cooperation of defendant's counsel, for the sake of completeness, the court extends these provisions retroactively to the date of this order and through the close of this action, in case any of the recipients of the subpoenas should respond despite the defendant's letter.  The court will also enter a protective order prohibiting the use of any evidence obtained in response to the subpoenas.

Based on the information provided, the court finds that defendant's violation of Rule 45 was not intentional and resulted in little delay in the filing of the Motion to Quash.  Had defendants provided timely notice, plaintiff would nonetheless have had to file the Motion to Quash on all other points.  Accordingly, the court declines to impose sanctions on the defendant for providing improper notice of the service of the subpoenas to complainants' former employers.

Motion to Quash

The EEOC moves the court to quash and for a protective order on the grounds, in sum, that the subpoenas defendant has issued to plaintiffs' former employers exceed the scope and limitations of discovery.[5]  The defendant made blanket document requests which were identical

---

[4] The order provided such remedies "[t]o the extent the defendant has *already* obtained any documents pursuant to these subpoenas... ." (Emphasis added)

[5] Fed. R. Civ. P. 45 does not include irrelevance or overbreadth as reasons for quashing a subpoena.  However, courts have held that the scope of discovery under a subpoena is the same as the scope of discovery under Fed. R. Civ. P. 26. See, e.g., Chamberlain v, Farmington Sav. Bank, 2007 WL 2786421, *1 (D. Conn., September 25, 2007)("It is well settled that the scope of

for each subpoena.[6] Defendant's response to the Motion to Quash similarly treats all former employees identically and does not rely on specifics about any of these former employees or their individual claims to support its argument.

Rule 26(b)(1) of the Federal Rules of Civil Procedure provides that "[p]arties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense... . Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Pursuant to Rule26(b)(2)(C), however, the court is empowered to limit the frequency or extent of otherwise-allowable discovery where:

> (1) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive;
>
> (2) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or
>
> (3) the burden or expense of the proposed discovery outweighs its likely benefit,

---

discovery under a Rule 45 subpoena is the same as that permitted under Rule 26."); see also Advisory Committee Note to the 1970 Amendment of Rule 45(d)(1) (the 1970 amendments "make it clear that the scope of discovery through a subpoena is the same as that applicable to Rule 34 and other discovery rules.")

[6] The subpoenas issued by defendant requested the following:

Any and all records or other documents of any nature, including audio or video tape recordings, prepared at any time that evidence, refer or relate to [former employee's name, Date of Birth, and Social Security No.] and her employment with [former employer], including, but not limited to, applications, personnel files, disciplinary notices or files, memoranda, notes, reports, correspondence and payroll records.

(*See* doc. 21, Exhibits A-P.)

>considering the needs of the case, the amount in controversy, the parties'
>resources, the importance of the issues at stake in the action, and the importance
>of the discovery in resolving the issues.

Defendants raise several arguments for the discoverability of various portions of the requested material: (1) that job descriptions and salary levels are relevant to "mitigation of damages–in particular assessment of prior employment and the variety of jobs for which plaintiffs may be qualified"(doc. 25 at 5); (2) that "prior complaints of harassment and discrimination at prior employers [are relevant to] credibility and alleged damages, namely, where such damages originated" (id.); (3) that "applications, disciplinary records, and termination information may provide after-acquired evidence that would limit [complainants'] claimed damages" (id. at 6); (4) where some complainants "claim there (sic) employment was involuntarily terminated when in fact they failed to report to work for multiple consecutive days, their characterization of how previous jobs ended on their employment applications and resumes with other employers as compared to how the employment records reflect the reasons for termination would go directly to their credibility" (id.); (5) that some unidentified part of such records might show "knowledge of how to report sexual harassment" (id.); and (6) that some unidentified portion of such records might show "prior affiliation with witnesses ... [and] alleged harassers in this action" (id.).

Plaintiff's counsel maintains that the only discovery purpose cited by defendant's counsel when they conferred concerning the issuance of these subpoenas was mitigation of damages. Defendant's counsel counters that it "did not indicate that records were relevant solely for purpose of determining mitigation of damages" but argues that "mitigation of damages–in particular assessment of prior employment and the variety of jobs for which plaintiffs may be

qualified--is a relevant basis for requesting prior employment records." (Doc. 25 at 5)[7]

Although discovery is intended to be broad in scope, it is not boundless and is subject to certain limitations. In addressing an age discrimination claim, the Supreme Court noted the possibility of abusive discovery into a claimant's prior employment history. See McKennon v. Nashville Banner Publ'g Co., 513 U.S. 352 (1995). "The concern that employers might as a routine matter undertake extensive discovery into an employee's background or performance on the job to resist claims under the Act is not an insubstantial one, but we think the authority of the courts to award attorney's fees, mandated under the statute, 29 U.S.C. §§ 216(b), 626(b), and to invoke the appropriate provisions of the Federal Rules of Civil Procedure will deter most abuses." Id. at 362-363. Against that background, the court considers the defendant's proffered justifications for issuance of the subpoenas.

*Mitigation of Damages*

Defendant argues that the records of plaintiffs' previous employers are relevant as it concerns evidence of mitigation of damages. While the court agrees that a former employee's *subsequent* salary may be relevant to the issue of mitigation of damages, defendant has not made any relevancy showing as to plaintiffs' *prior* salary. Maxwell v. Health Center of Lake City, Inc. 2006 WL 1627020 (M. D. Fla., June 6, 2006) (granting the plaintiff's motion to quash after finding that Defendant failed to show why salary information from a previous employer is in any

---

[7] Plaintiff states that the defendant's attempt to subpoena these documents from each complaining witness' former employers is an attempt to intimidate or embarrass the women who are charging defendant with sexual harassment and maintenance of a hostile work environment. Even if it has that effect on the original complainants, the intervenors and any potential witnesses, the court will not assume such a motive. However, such a motive is unnecessary to a determination under Rule 26(b)(2)(C).

way relevant to damages under a discrimination claim);  Graham v. Casey's General Stores, 206

F.R.D. 251, 255 (S.D. IN.2002)(same).  The court agrees with plaintiffs that information about

prior wage histories are not relevant to the issue of damages.[8]

*Prior Discrimination Complaints*

This information, as noted by plaintiff, is readily available through a search of public

records and focused discovery from the claimants, either by interrogatory or deposition.  The

legitimate interests of the defendant are thus satisfied, at least in the first instance, by alternative

methods to the instant subpoenas.  Given the risk of intimidation and embarrassment of the

complainants, intervenors and co-employee witnesses, the finds that the possibility of obtaining

evidence of prior complaints and charges is insufficient to justify the subpoenas issued by

defendant in light of the readily available alternative sources.

*Medical Information*

Defendant argues generally that "[c]ase law establishes that any medical information

contained in the employment files would be discoverable and relevant to claims for emotional

distress damages which are made by the individual Plaintiffs."[9] Sifting the personnel records of

complainants' prior employers for medical information which, if present, might relate to some

---

[8] Defendant has information concerning former employment from the complainants' applications submitted to work at defendant's restaurant; that information was presumably used to compile the list for service of the subpoenas.  They can submit interrogatories to complainants or question them in deposition if defendant believes that there are gaps in that information.

[9] In support of this argument defendant cites to Davenport v. Indiana Masonic Home Foundation, Inc.,  2003 WL 1888986, *3 (S.D. Ind. Mar. 27, 2003).  In Davenport, the defendants argued, in part, that the past employment records were relevant to the plaintiff's estoppel claim, i.e., that she had given up an offer from a prior employer because the defendants had promised her a secure employment future, and to damages in that they would determine her past compensation and benefits.

7

claims of the complainants in this case offers poor justification for the discoverability of the employees' prior employment records. Interrogatories and depositions are a far more reasonable way to obtain this information.[10]

*After-Acquired Evidence*

Defendant next argues that plaintiffs' previous employment records may contain information relevant to an "after acquired evidence" defense. In McKennon v. Nashville Banner Publ'g Co., 513 U.S. 352 (1995), the Supreme Court held that evidence of a plaintiff's wrongdoing discovered after the termination of employment was not relevant to the employer's liability for age discrimination, but could be relevant in determining what remedy was appropriate. 513 U.S. at 360-61.

> It is well established that parties "have no entitlement to discovery to develop new claims or defenses that are not already identified in the pleadings." Fed.R.Civ.P. 26 advisory committee's note. Likewise, Defendant's defense of after-acquired evidence does not entitle Defendant to further discovery. This defense can limit recovery of wages if an employer later learns of wrongdoing that would have led to a legitimate discharge had the employer known about it.. Courts generally agree that this defense "cannot be used to pursue discovery in the absence of some basis for believing that after-acquired evidence of wrong-doing will be revealed."

Shirazi v. Childtime Learning Center, Inc., 2008 WL 4792694 *2 (W.D.Okla.)(Internal citations omitted.); see Maxwell v. Health Center of Lake City, Inc., 2006 WL 1627020 (M.D.Fla.)(citing McKennon, supra.). Defendant has proffered no evidence to indicate that plaintiffs misrepresented information which may provide a legitimate basis for their termination.

---

[10] Courts should limit discovery if it is determined that "the discovery sought ... can be obtained from some other source that is more convenient, less burdensome, or less expensive." Fed.R.Civ.P. 26(b)(2)(C)(I). Plaintiffs' medical records could be obtained directly from them with more convenience and less expense than from the former employers.

*Reason for Leaving Prior Jobs/Credibility*

Defendant further argues that the records from prior employers might conceivably indicate a different reason for a complainant having left the prior job than they gave on their application to work in defendant's fast food restaurant. Defendant suggests that such information, if found, might then be used to attack the claimant's credibility about their testimony concerning the termination of their employment with defendant. Rule 404 of the Federal Rules of Evidence precludes the introduction of evidence of prior bad acts for the purpose of proving that a witness's predilection to act in a certain way or proving that the witness acted in conformity with that prior act.

Moreover, defendant has failed to cite any reason to believe that these plaintiffs have misrepresented information with regard to previous employment to persuade the court to allow such an unfettered search of employment records. *See e.g.* Sanders v. Dalcraft, LLC, 2009 WL 1392602 (N. D. Tex., May 18, 2009). Accordingly, the court finds that discovery of prior employment files for this purpose is not reasonably calculated to lead to the discovery of admissible evidence.

*Knowledge of Reporting Procedures*

Defendant argues that some cases have indicated that evidence showing what a plaintiff knew from prior employment about the means to report harassment and discrimination to the employer could be admissible. Such evidence becomes relevant where there is a defense raised that the employee failed to take advantage of the employer-provided preventive or corrective opportunities. *See e.g.* Faragher v. City of Boca Raton, 524 U.S. 775 (1998).

Presuming, from the existence of an affirmative defense listed among numerous others in

the Answer (doc. 6), that such may be an issue in this action as to one or more plaintiffs, defendant has not identified which employees it claims failed to do so. As to any claimants which are reasonably alleged to have failed to utilize the employer's complaint procedures, this information may have some relevance.

However, other than the existence of a prior complaint, as discussed above, or a signature showing receipt of a policy or handbook, the court can not discern any other potential record which would be part of an employment file that could have any bearing on the issue. The court addresses evidence of prior complaints, above. Proof that an employee was given or read a policy manual is of limited relevance. A showing of constructive notice of a prior employer's policy on reporting discrimination becomes largely irrelevant once defendant shows notice of its own policy to its employees; the former employer's policy is unlikely to be identical to the defendant's policy, and it is questionable whether the existence of a policy elsewhere would indicate to employees that defendant had a similar policy.

*Prior Contacts*

As noted, defendant has the prior employment information from the claimants in their employment applications. They know when each plaintiff worked for each employer they subpoenaed, and can determine whether any of the other complainants or alleged harassers worked there at the same time. They can ask complainants whether they knew any of these other people before coming to work at the defendant's restaurant, and can expect the cooperation of the alleged harassers in identifying those complainants whom they knew previously. Such information does not itself appear relevant to any claim or defense, but might conceivably lead to evidence of relationships other than that of co-workers at the Kentucky Fried Chicken that might

10

tend to indicate bias.  However, there are numerous other avenues available to pursue this questionable line of inquiry which do not risk harassment of the claimants, intervenors and witnesses.[11]  Pursuant to Fed.R.Civ.P. 37, the court will grant the motion to quash the subpoenas.

Conclusion

As addressed above, the court finds that defendant violated Rule 45 in the manner in which non-party subpoenas were issued.  However, because the court finds that the violation was not intentional and caused little prejudice, no sanctions will be imposed against the defendant for the failure to provide timely notice to the EEOC.  Nonetheless, the court AMENDS its order (doc. 22) of June 30, 2009, to extend defendant's duty to provide a copy of any documents obtained in response to the subpoenas to the plaintiff and to return all other records and copies to the third-party from which such records were obtained; this duty applies from the date of service of the subpoenas to the date of this order and through the completion of this litigation.

For the reasons set out herein,  the court GRANTS the plaintiff's Motion to Quash the subpoenas at issue.  Further, the court GRANTS the plaintiffs' Motion for Protective Order, in substantially the form proposed by plaintiff.  It is hereby ORDERED that defendant is hereby prohibited from using any records or information obtained in response to the challenged subpoenas for any purpose, and defendant is prohibited from making future attempts to obtain records of complainants' prior employment from any third party, except on further order of the court for good cause shown.

---

[11] *See* ftnt 10.

DONE this the 4th  day of August 2009.

                                        /s/   Katherine P. Nelson
                                        **KATHERINE P. NELSON**
                                        **UNITED STATES MAGISTRATE JUDGE**