## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| **EQUAL EMPLOYMENT** | ) | |
| **OPPORTUNITY COMMISSION,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **CIVIL ACTION 09-0160-WS-M** |
| | ) | |
| **JACK MARSHALL FOODS, INC., etc.,** | ) | |
| | ) | |
| **Defendant.** | ) | |

### ORDER

This matter is before the Court on the EEOC's motion for a continuance to file its response to the defendant's motion for summary judgment as to Erica Fountain.  (Doc. 62).[1]  The motion invokes Rule 56(f) but fails to identify the requirements of that rule or show that it satisfies them.

"Should it appear from the affidavits of a party opposing the motion that the party cannot for reasons stated present by affidavit facts essential to justify the party's opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just."  Fed. R. Civ. P. 56(f).

A Rule 56(f) motion must be supported by an affidavit which sets forth with particularity the facts the moving party expects to discover and how those facts would create a genuine issue of material fact precluding summary judgment."  *Harbert International, Inc. v. James*, 157 F.3d 1271, 1280 (11th Cir. 1998).  The EEOC's motion and affidavit simply state the EEOC "needs conduct additional discovery" before responding, and that vague assertion does not satisfy *Harbert* or Rule 56(f).

---

[1]In the alternative, but on the same grounds, the EEOC seeks denial of the motion for summary judgment.

Nor is it clear why the EEOC would require discovery in order to respond. The defendant's motion rests on the legal argument that Fountain cannot piggyback on any other charge because she exceeds the permissible rearward scope of any piggybacking window. (Doc. 43 at 3). The only apparent factual question embedded in this argument is the ending date of Fountain's employment, and Fountain herself confirms the defendant's position that her last day of employment was in October 2006. (Doc. 43 at 2; Doc. 59 at 2). Moreover, the EEOC says it will make the same arguments in support of Fountain as it has made in opposition to the defendant's similarly based motion for summary judgment against Elizabeth Watson, (Doc. 62 at 2), and that opposition contains only legal arguments, not factual ones. (Doc. 61).

"Whether to grant or deny a Rule 56(f) motion for discovery requires the court to balance the movant's demonstrated need for discovery against the burden such discovery will place on the opposing party." *Harbert*, 157 F.3d at 1280. Because the EEOC has not demonstrated its need for discovery in general or any specific discovery in particular, no balancing is required.

For the reasons set forth above, the EEOC's motion is **denied**.


DONE and ORDERED this 21st day of October, 2009.


s/ WILLIAM H. STEELE
UNITED STATES DISTRICT JUDGE