# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) CIVIL ACTION 09-0160-WS-M ) |
| JACK MARSHALL FOODS, INC., etc., | ) ) |
| Defendant. | ) |

## ORDER

This matter is before the Court on the defendant's appeal from the Magistrate Judge's non-dispositive discovery rulings. (Doc. 46). The orders at issue granted the plaintiff's motion to quash certain subpoenas to former employers of the intervening plaintiffs and denied the defendant's motion to reconsider. (Docs. 33, 45). The parties have filed briefs in support of their respective positions, (Docs. 47, 55), and the appeal is ripe for resolution.

## BACKGROUND

The plaintiff brought this action alleging that the defendant discriminated against a class of female employees by subjecting them to a sexually hostile work environment and by constructively discharging some of them. (Doc. 1). Eleven individuals thereafter intervened as plaintiffs. (Doc. 28).

While the motion to intervene was pending, the defendant issued subpoenas to sixteen of the intervenors' former employers. Each of the subpoenas indiscriminately requested every document (including audio and video) referring to or relating to the intervenor and her employment with the former employer, including the entirety of each intervenor's personnel file, medical records, payroll records, and all other documents

whether within or beyond the intervenor's personnel file. (Doc. 33 at 4 n.6). The plaintiff then filed a motion to quash, which the Magistrate Judge granted after briefing, prompting the defendant's motion to reconsider, denial of that motion, and the present appeal.

**DISCUSSION**

The Magistrate Judge's ruling on a non-dispositive matter must be affirmed unless "it has been shown that the magistrate judge's order is clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); *accord* Fed. R. Civ. P. 72(a); Local Rule 72.3(e). "The 'clearly erroneous or contrary to law' standard of review is extremely deferential. ... Relief is appropriate under the 'clearly erroneous' prong of the test only if the district court finds that the Magistrate Judge abused [her] discretion or, if after reviewing the record as a whole, the Court is left with a definite and firm conviction that a mistake has been made. ... With respect to the 'contrary to law' variant of the test, an order is contrary to law when it fails to apply or misapplies relevant statutes, case law or rules of procedure." *Pigott v. Sanibel Development, LLC*, 2008 WL 2937804 at *5 (S.D. Ala. 2008) (citations and internal quotes omitted).

**I. Order Granting Motion to Quash.**

In its cursory, two-page response to the plaintiff's motion to quash,[1] the defendant identified several reasons the subpoenas should not be quashed. The Court addresses these in Parts I.A-E, along with the embellishments included in the motion to reconsider and on appeal. In Part I.F-G, the Court addresses entirely new reasons for not quashing the subpoenas, which the defendant first raised on motion to reconsider and again on

---

[1]The response ran nine pages, but four were devoted to avoiding sanctions for issuing the subpoenas in violation of Rule 45, one consisted of concluding comments, and two reflected service.

appeal.

### A. Mitigation Evidence.

The defendant argued it is entitled to all of the intervenors' employment records because those records will include assessments of prior employment and the variety of jobs for which each intervenor is qualified, which information will be relevant to mitigation of damages. (Doc. 25 at 5). The defendant cited one unreasoned Oklahoma district court decision for this proposition, but the Magistrate Judge cited two district court decisions to the contrary. (Doc. 33 at 6-7). Because a Title VII plaintiff's mitigation duty is to seek employment "substantially equivalent" to that from which she was terminated, *e.g., Weaver v. Casa Gallardo, Inc*., 922 F.2d 1515, 1527 (11th Cir. 1991), job titles and performance in prior employment could scarcely be relevant to whether an intervenor fulfilled this duty.

The Court is unable to locate any argument in the defendant's appellate brief as to why the Magistrate Judge's ruling in this respect is clearly erroneous or contrary to law. As is plain from the foregoing discussion, it is neither.

### B. After-Acquired Evidence.

The defendant argued that the intervenors' applications, disciplinary records, and termination information "may provide after-acquired evidence that would limit their claimed damages." (Doc. 25 at 6). The Magistrate Judge cited two cases for the proposition that a defendant cannot seek discovery for this purpose "in the absence of some basis for believing that after-acquired evidence of wrongdoing will be revealed," (Doc. 33 at 8 (internal quotes omitted)), and the Court has found others to the same effect. The single case on which the defendant relied does not support a contrary proposition, since it merely listed a number of arguments advanced by the defendant and upheld the discovery without identifying which it relied on. The defendant did not and does not

assert any basis for believing that the intervenors' past employment records contain anything that would constitute after-acquired evidence.

On appeal, the defendant cites two district court cases for the proposition that a defendant may propound discovery to locate after-acquired evidence "even if defendant cannot predict what evidence may be discovered." (Doc. 47 at 7). The threshold problem for the defendant is that it did not present these cases to the Magistrate Judge until its 23-page motion to reconsider. (Doc. 34 at 5).[2] As this Court has noted but recently:

> Motions to reconsider serve a valuable but limited function. They do not exist to permit losing parties to prop up arguments previously made or to inject new ones, nor to provide evidence or authority previously omitted. They do not, in short, serve to relieve a party of the consequences of its original, limited presentation.

*Dyas v. City of Fairhope*, 2009 WL 5062367 at *3 (S.D. Ala. 2009). The Magistrate Judge, in recognition of this ubiquitous principle,[3] properly refused to consider the defendant's tardy authority. (Doc. 45). The defendant's untimely presentation to the Magistrate Judge does not become timely simply by repeating it to the Court. *Pigott*, 2008 WL 2937804 at *5 n.9 ("In reviewing a magistrate judge's nondispositive ruling, this Court does not consider matters not placed before that judge.") (internal quotes omitted).[4]

---

[2]The defendant's appellate brief is largely a verbatim repetition of its brief on motion to reconsider.

[3]*See Park City Water Authority v. North Fork Apartments, L.P.* 2009 WL 4898354 at *1 n.2 (S.D. Ala. 2009) (citing cases from over 40 districts applying the rule in 2009 alone).

[4]*Accord Jesselson v. Outlet Associates Limited Partnership*, 784 F. Supp. 1223, 1228 (E.D. Va. 1991) ("Review of a Magistrate's ruling before the District Court does not permit consideration of issues not raised before the Magistrate."); *Whittum v. Saginaw County*, 2005 WL 3271810 at *4 (E.D. Mich. 2005); *Lithuanian Commerce Corp. v. Sara Lee Hosiery*, 177 F.R.D. 205, 211-12 (D.N.J. 1997); *Mitchell v. Consolidated Freightways Corp.*, 747 F. Supp. 1446, 1447 (M.D. Fla. 1990); *see also First Savings Bank v. U.S. Bancorp.*, 184 F.R.D. 363, 366 (D. Kan. 1998) (trial court may not receive

At any rate, the defendant's new authorities do not demonstrate that the Magistrate Judge's ruling is clearly erroneous or contrary to law. Neither provided any justification for allowing a suspicionless search for after-acquired evidence, and neither accounted for the Supreme Court's caution that "[t]he concern that employers might as a routine matter undertake extensive discovery into an employee's background or performance on the job to resist claims under the Act is not an insubstantial one," but one that can be deterred by "invok[ing] the appropriate provisions of the Federal Rules of Civil Procedure." *McKennon v. Nashville Banner Publishing Co.*, 513 U.S. 352, 363 (1995).

### C. Credibility Evidence.

The defendant argued that the intervenors' applications, resumes and separation records are discoverable because, if in some application or resume presented to a past employer they provided a different reason for separation from a more remote employment than the reason the particular employer recorded, the inconsistency would undermine the credibility of their story in this case that they were constructively discharged by the defendant and thereby indirectly support the defendant's version that the intervenors abandoned their jobs. (Doc. 25 at 6).

The initial problem with this argument is that job abandonment is not inconsistent with constructive discharge; on the contrary, constructive discharge is an explanation for abandoning a job.[5] Thus, that the defendant says the intervenors abandoned their jobs is perfectly consistent with the plaintiff's position that they were constructively discharged. Consequently, any inconsistency between an intervenor's statement as to how she left a

---

additional evidence on review of nondispositive rulings).

[5]*E.g., Cooper v. Neiman Marcus Group*, 125 F.3d 786, 790 (9th Cir. 1997) ("Constructive discharge cases involve the imposition on an employee of intolerable work-related conditions which make it impossible for him to continue in his job and cause him to abandon it."); *accord Spencer v. Wal-Mart Stores, Inc.*, 469 F.3d 311, 316 (3rd Cir. 2006); *Patterson v. Portch*, 853 F.2d 1399, 1406 (7th Cir. 1988).

previous employment and what that employer says cannot suggest a similar inconsistency here. The sought after evidence is thus irrelevant and non-discoverable on the defendant's own terms.

Moreover, and as the Magistrate Judge noted, the defendant seeks to show that, if an intervenor lied about the reason she left a previous employment, she is more likely to be lying about leaving the defendant's employment due to an intolerably hostile work environment. Using evidence for such a purpose is forbidden by Rule 404(b). (Doc. 33 at 9).

Finally, the Magistrate Judge cited a case for the proposition that a predicate to such discovery is a basis for believing it will uncover evidence of falsehood, which basis the defendant lacks. (Doc. 33 at 9). This is a precaution consonant with the Eleventh Circuit's view that "the discovery rules do not permit [a party] to go on a fishing expedition." *Linares v. Broward County Sheriff's Office*, 2009 WL 2852585 at *4 (11th Cir. 2009) (internal quotes omitted).

Before the Magistrate Judge, the defendant's argument was confined to a single sentence, unsupported by reasoning or citation to authority of any kind. On appeal, the defendant attempts to correct the deficiencies in its initial briefing. First, it cites two cases it believes supports its position. (Doc. 47 at 8). Second, it offers a new reason the documents (actually, only the separation records) are relevant — if an intervenor has in the past been terminated for job abandonment, that history would corroborate the defense position that the intervenors abandoned their jobs. (*Id*. at 9). As discussed in Part I.B, new arguments and new authority previously available cannot properly be submitted on appeal of a Magistrate Judge's ruling, or on a motion to reconsider that ruling.

Again, the defendant's tardy effort would not succeed even had it been timely made. One case offered no explanation for allowing the discovery, and the other tied it to the defendant's awareness that the plaintiff had been repeatedly fired from prior employment — a circumstance starkly absent here. And the defendant's newly postulated

theory of relevance fails to explain how evidence of conduct that is relevant precisely because of its tendency to show the intervenor acted in conformity therewith could possibly escape Rule 404(b).[6]

What the defendant fails to attempt is a showing that the Magistrate Judge's ruling was clearly erroneous or contrary to law based on the argument and authorities the defendant presented before she ruled. As discussed above, her ruling is neither.

### D. *Faragher-Ellerth* Evidence.

The defendant argued that its subpoenas would cover documents reflecting the intervenors' awareness of how to report sexual harassment to their former employers. (Doc. 25 at 6). The Magistrate Judge noted that such information could be relevant to a *Faragher-Ellerth* defense, but only as to those intervenors as to whom the defendant asserts the defense; because the defendant failed to identify them, the Magistrate Judge could not assume the evidence was relevant as to any particular intervenor. (Doc. 33 at 9-10). Thus, none of the subpoenas could stand on this ground.

On appeal, the Court is unable to locate any argument devoted to showing that the Magistrate Judge's ruling in this regard is clearly erroneous or contrary to law. The Court concludes that it is neither.

### E. Other Evidence.

The defendant argued that its subpoenas would cover documents reflecting prior complaints of harassment and discrimination (potentially relevant to credibility and damages); medical information (potentially relevant to emotional distress damages); and

---

[6]The defendant suggests that inadmissibility of the requested information is no bar to discovery, (Doc. 33 at 6-7), but that is true only "if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). The defendant has identified no means by which it can sanitize the Rule 404(b) evidence it seeks.

the intervenors' affiliation with the alleged harassers and other witnesses in this case (potentially relevant to consent and bias). (Doc. 25 at 5-6). The Magistrate Judge agreed that each of these classes of information is potentially relevant but concluded, in the words of Rule 26(b)(2)(C)(i), that the discovery sought "can be obtained from some other source that is more convenient, less burdensome, or less expensive," including the intervenors by deposition and written discovery; health care providers; the harassers and other witnesses; and public records. (Doc. 33 at 7-8, 10-11).

The defendant objects that the Magistrate Judge has forced it to rely "exclusively" on the discovery responses of the intervenors, whose interest in the outcome is obvious, unless they "essentially admit" their responses are inaccurate or incomplete. (Doc. 47 at 3, 5). The Court cannot so read the Magistrate Judge's order, which requires resort to other sources only "in the first instance." (Doc. 33 at 7).

The defendant suggests it should be allowed to pursue the subpoenas before exhausting efforts to obtain the requested information from other sources, but its own authorities confirm that discovery methods can be "successive" rather than simultaneous and that it is appropriate to condition subpoenas to prior employers on the plaintiff's failure to provide the requested information. (Doc. 47 at 13, 14 n.7).

In short, the defendant has failed to show that the sequential discovery ordered by the Magistrate Judge is clearly erroneous or contrary to law.

**F. Tort of Outrage Evidence.**

In its motion to reconsider and again in its appellate brief, the defendant argues that the intervenors' claims for outrage make relevant their "behavior and their experiences" in previous employment. (Doc. 34 at 20-21; Doc. 47 at 9-11). As explained in Part B, this argument comes far too late to rescue the defendants' subpoenas.[7]

---

[7]The defendant suggests its argument is timely because the complaint in intervention "was not before the Magistrate Judge" when the motion to quash was filed.

It is also legally suspect. The defendant posits that whether conduct is "extreme" or "intolerable" is measured by a subjective standard, such that the defendant's conduct could not be extreme and intolerable if the plaintiff experienced worse at a prior employment. The defendant cites no authority for the curious proposition that whether conduct is "utterly intolerable in a civilized society" depends, not on the objective quality of the conduct itself but on how it compares to the victim's other life experiences.

### G. Emotional Distress Evidence.

In its motion to reconsider and again in its appellate brief, the defendant argues that evidence the intervenors have short or broken work histories would be relevant to the amount of emotional distress they experienced when terminated by the defendant. The defendant also argues that evidence of the reasons for the intervenors' terminations from past employment could suggest other reasons for any emotional distress the intervenors have experienced. (Doc. 34 at 22; Doc. 47 at 11-12). These arguments as well were lost by the defendant's failure to raise them in a timely manner.[8]

## II. Motion to Reconsider.

As discussed in Part I.E, the Magistrate Judge deemed prior complaints of harassment and discrimination, medical information, and the intervenors' affiliation with the alleged harassers and other witnesses to be potentially relevant, but she required the

---

(Doc. 47 at 2 n.2). This is both wrong and beside the point. The proposed complaint in intervention — including a claim for outrage — was of record a full three months before the defendant responded to the motion to quash, (Doc. 3), and the defendant had represented it had no objection to intervention. (Doc. 11). The defendant thus had no excuse not to consider the complaint in intervention when framing its arguments in support of the subpoenas.

[8]Also lost was the defendant's argument that the EEOC does not have standing to make arguments on behalf of the prior employers. (Doc. 47 at 24 n.10).

defendant to first seek this information from other sources. In addition to the arguments addressed in Part I, the defendant on motion to reconsider argued that recently received discovery responses from the intervenors establish that they will not provide this information. (Doc. 34 at 9-19). The Magistrate Judge was unpersuaded, ruling that "such matters may be raised in a motion for leave to issue subpoenas *after* attempts to obtain the information from other sources have failed." (Doc. 45 at 2 (emphasis in original)).

On appeal, the defendant argues that the Magistrate Judge's ruling was clearly erroneous. (Doc. 47 at 15). On the contrary, the discovery responses presented to the Court could not possibly demonstrate that the intervenors will not provide the information addressed in Part I.E, because the discovery requests did not even seek much of this information. For example, the interrogatories do not request identification of internal complaints of harassment or other discrimination but only of "legal action[s]," (Doc. 34, Exhibit C at 6), and they do not address in any fashion the intervenors' affiliation with the alleged harassers or other witnesses. Nor did the defendant attempt to show the Magistrate Judge or the Court that it has exhausted efforts to obtain the information from health care providers, the public record, the harassers and other witnesses.

## CONCLUSION

For the reasons set forth above, the Magistrate Judge's orders granting the plaintiff's motion to quash and denying the defendant's motion to reconsider are **affirmed**.

DONE and ORDERED this 4th day of January, 2010.

s/ WILLIAM H. STEELE
UNITED STATES DISTRICT JUDGE